Daniel Johnson #76661-065
_____
Name and Prisoner/Booking Number

U.S. Penitentiary, USP Tucson
_____
Place of Confinement

P.O. Box 24550
_____
Mailing Address

Tucson, AZ 85734
_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

FILED ☑ LODGED
RECEIVED _____ COPY

APR 20 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

DANIEL JOHNSON
_____ ,
(Full Name of Plaintiff)

           Plaintiff,

v.

(1) FEDERAL BUREAU OF PRISONS
_____ ,
(Full Name of Defendant)

(2) WARDEN MARK GUTIERREZ
_____ ,

(3) UNKNOWN SNODGRASS
_____ ,

(4) _____ ,

          Defendant(s).

☒ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. __CV-23-00188-TUC-RCC(PSOT)__
         (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
    ☒ Other: __28 U.S.C. § 1331; 28 U.S.C. § 2201-02; 5 U.S.C. § 706__ .

2.  Institution/city where violation occurred: __USP TUCSON, Tucson, Arizona__ .

Revised 12/1/20         1

**550/555**

## B. DEFENDANTS

1. Name of first Defendant: <u>FEDERAL BUREAU OF PRISONS</u>. The first Defendant is employed as: <u>N/A</u> at <u>N/A</u>.
(Position and Title)     (Institution)

2. Name of second Defendant: <u>WARDEN MARK GUTIERREZ</u>. The second Defendant is employed as: <u>COMPLEX WARDEN</u> at <u>USP TUCSON</u>.
(Position and Title)     (Institution)

3. Name of third Defendant: <u>UNKNOWN SNODGRASS</u>. The third Defendant is employed as: <u>CASE MANAGER COORDINATOR</u> at <u>USP TUCSON</u>.
(Position and Title)     (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____.
(Position and Title)     (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ☒ Yes    ☐ No

2. If yes, how many lawsuits have you filed? <u>ONE (1)</u>. Describe the previous lawsuits:

    a. First prior lawsuit:
        1. Parties: <u>DANIEL STEPHEN JOHNSON</u> v. <u>THOMAS L. HARRISON, et al.</u>
        2. Court and case number: <u>U.S. DIST. COURT, DIST. OF OREGON, 6:18-cv-00738-JR</u>.
        3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) <u>DISMISSED, AFFIRMED ON APPEAL</u>.

    b. Second prior lawsuit:
        1. Parties: _____ v. _____
        2. Court and case number: _____.
        3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) _____.

    c. Third prior lawsuit:
        1. Parties: _____ v. _____
        2. Court and case number: _____.
        3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: <u>SEE ATTACHED</u>

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☒ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   <u>SEE ATTACHED</u>

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   <u>SEE ATTACHED</u>

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count I?   ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?   ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated:   SEE ATTACHED
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☒ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer          ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.
SEE ATTACHED
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).
SEE ATTACHED
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                            ☒ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count II?                          ☒ Yes      ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?          ☒ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
   _____

4

## COUNT III

1.  State the constitutional or other federal civil right that was violated:   SEE ATTACHED
    _____.

2.  **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    - ☐ Basic necessities
    - ☒ Mail
    - ☐ Access to the court
    - ☐ Medical care
    - ☐ Disciplinary proceedings
    - ☐ Property
    - ☐ Exercise of religion
    - ☐ Retaliation
    - ☐ Excessive force by an officer
    - ☐ Threat to safety
    - ☐ Other: _____.

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.
    SEE ATTACHED
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).
    SEE ATTACHED
    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                      ☒ Yes      ☐ No
    b.  Did you submit a request for administrative relief on Count III?                      ☒ Yes      ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?      ☒ Yes      ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:
 SEE  ATTACHED

_____

_____

_____

_____

_____

_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   APRIL 12, 2023
                        DATE                                                SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

Attachment 3-A

D. CAUSE OF ACTION

### FACTUAL BACKGROUND

On June 13, 2022, while delivering to me my properly identified "special mail" from my attorney, Mr. Jay A. Nelson, IMS/ISO Officer Othon[1] opened the mailing in my presence and then proceeded to read the content of the mail before photocopying the attorney-client privileged communications using a photocopier with a digital memory scanner that stores a retrievable record -- a photocopier which also has wireless and direct-line modem connectivity. ISM/ISO Officer Othon then provided me with the photocopy of my special mail, and refused to provide me with the original upon request, and then denied my request to destroy the original correspondence in my presence. This is not the first time I have experienced this issue, and proceeded to exhaust the administrative remedy procedures as I was anticipating highly-sensitive mailings from my attorney of which, if falling into the government's hands, would

---

[1] Present in the mailroom and overseeing Othon's actions was mailroom supervisor, IMS/ISO Allen.

Attachment 3-B

not only result in the government being made aware of a meritorious defense previously overlooked by former defense counsel, but also diminish its effectiveness in future, anticipated proceedings.[2]

I promptly alerted my attorney, Mr. Jay A. Nelson, regarding the intrusion into our correspondence, and our substantive communications and sharing of legal documents and new evidence ceased.[3]

I attempted to alert the Warden and Associate Warden about the mailroom issue, but their verbal responses were consistent with ISM/ISO Officer Othon's explanation that he was acting pursuant to local policy and direction of supervisors - that they were responsible for instructing mailroom staff on this pattern and practice. Because of (at the time) Warden Colbert and Associate Warden Tubbs' responses indicating that they are permitted to read, copy, and maintain the original for an unspecified number of days all incoming special mail, I filed the first step in the administrative remedy process - referred to as an "Informal Resolution Form" or "BP-8" - on June 14, 2022, the day after the incident underlying this action.

On the same day, June 14, 2022, the mailroom responded to the BP-8 filed through my counselor, Mr. Flores. The mailroom stated that all incoming mail is now photocopied for security reasons.

Having prepared my "Request for Administrative Remedy" or "BP-9," I then timely filed it on June 23, 2022, explaining that 28 C.F.R. § 540.18 explicitly forbids the reading and/or copying of special mail; that this regulation creates an objective expectation of privacy in the content of my special mail in violation of the Fourth Amendment's prohibition on unreasonable searches and seizures; that this pattern and practice constitutes an intrusion into the attorney-client privilege in violation of

---

[2] Properly identified special mail addressed to me from attorney David Cohen was also read, photocopied, and the originals maintained by USP Tucson mailroom in February 2022 -- with another inmate receiving mail from the same attorney on the same day experiencing the same issue. Plaintiff will disclose the identity of the other inmate ex parte (out of fear of retaliation) should the court ask for the same. In March 2022, another properly identified special mailing from attorney Jason Cambpell was also read, photocopied, and the originals maintained. Since then, two inmates, whom Plaintiff will disclose the identity of ex parte, experienced the same issue, and the contents were forwarded to the prosecutors in their cases.

[3] This reduced ability to safely communicate, causing delay, and court-access issues.

Attachment 3-C

the First Amendment, chilling my speech, and hampering my access to the court.

On August 26, 2022, Warden Mark Gutierrez responded to my BP-9 (Admin. Remedy Number: 1127015-F1), stating:

"A review of this matter revealed, per Code of Federal Regulations title 28, Section 540.18, Special Mail is opened in the presence of the inmate and inspected for physical contraband and the qualification of any enclosures as special mail. Safety and security concerns were identified by staff when processing your legal mail. In response to these concerns, the mail was photocopied and given to you. Originals were destroyed and no digital copies were made. Staff information will not be provided. The processing of your legal mail was within poilcy.

Based on the above, your request for Administrative Remedy is denied."

(Emphasis added).

On September 7, 2022, I timely appealed to Regional, stating:

"In response to, and denial of my request, USP Tucson Warden Gutierrez - without identifying precisely what 'Safety and security concerns were identified by staff when processing [my] legal mail,' whom then read, photocopied, and maintained the originals (refusing to destroy in my presence the original incoming properly  identified special mail from my attorney) - states that the 'Originals were destroyed and no digital copies were made.' Notwithstanding the incomplete response, the Warden's assertion is purely speculative, and nevertheless chilled (and continues to chill) my First Amendment protected speech and attorney-client privilege, and hampered (and continues to hamper) my access to the Court. Second, his assertion that no digital copies were made is patently false. The photocopier used by the mailroom stores a retrievable digital scan - each one assigned a retrievable file code. Accordingly, 28 CFR §540.18 is violated through this pattern and practice, and that codification provides an objective expectation of privacy in violation of the Fourth Amendment's

Attachment 3-D

prohibition on unreasonable searches; as well as my First Amendment protected speech. Therefore, please destroy all copies and records of the contents of my incoming special mail, including digital copies, such as those stored on the photocopier memory; provide me with the names of all government agents/officers who had/has access to same; and direct USP Tucson mailroom staff to comply with CFR."

(Emphasis added).

The appeal to Regional, also called a "BP-10," was confirmed delivered to front desk at Regional on September 15, 2022, but stamped "RECEIVED" by "WESTERN REGIONAL OFFICE" on "OCT 28 2022."

Following Warden Gutierrez's response to my BP-9, USP Tucson mailroom staff made it obvious that they were not reading my legal mail by saying in a condescending tone, variations of "Oh, and here's Mr. Johnson," while looking directly into my eyes as they opened my incoming properly identified special mail, holding it up in the air without looking at it, and then passing it to me without breaking eye contact. At the same time, however, mailroom staff was still employing the same reading, photocopying, and maintaining the originals of other inmates' special mail - which I observed while waiting in line for my mail. I subsequently notified my attorney, Mr. Jay A. Nelson, that it appeared as though, at least for me, that the mailroom was adhering to CFR and their program policy statement regarding incoming special mail.

In November 2022, for nearly one (1) full month through mid-December 2022, USP Tucson was placed on lockdown. My attorney sent me one of the highly-sensitive pieces of new evidence which he had held off on mailing to me until there appeared to be some compliance with CFR and program policy statements. I received the properly identified special mail through regular mail on December 13, 2022. The original contents had been replaced with photocopies.[4] The very next day, USP Tucson was placed on modified operations, and free to move about the housing unit, I filed three (3) mailroom related BP-8s and memorialized the same through electronic staff

[4] Earlier that same day, IMS/ISO Officer Schneider made rounds in the housing unit, and did not have any USPS Certified Mail slips which I affix to every special mailing -- in this instance, a mailing to ACLU Arizona pertaining to the pattern and practice complained of in the instant filing. IMS/ISO Officer Schneider would not allow me to seal it, and assured me he would fill out and affix the Certified Mail slip. The mailing was not certified, nor did ACLU Arizona receive the mailing.

Attachment 3-E

messaging. I then promptly notified attorney Jay A. Nelson, and to date, our substantive communications by mail have become exceedingly limited, as I do not want to risk information, including significant new evidence, falling into the hands of the government of which may very well lead to my eventual freedom.

As a result of these speech-chilling events, my attorney has filed two six-month extensions of time to prepare a legally complex and fact-intensive amended habeas petition. My inability to regularly and securely communicate with my attorney, and to exchange documents and new evidence that were obtained through my own independent investigation to include intimate knowledge of steps which counsel has now taken the initiative to pursue, and our ability to pass these legal documents back and forth with notations on the same, contributes to an unquantifiable delay in the thorough preparation of, and subsequent filing of the amended habeas petition. Sadly, Mr. Nelson's travel to and from Oregon to go over these legal documents and new evidence are out of the question.

Regarding the three (3) mailroom-related BP-8s filed on December 13, 2022, Counselor Flores neglected to provide me with any responses, although he continually assured me he would "prepare them for printing" and provide them to me, but never did. I nevertheless filed three (3) timely BP-9s, with Counselor Flores again assuring me he would attach the responses to and provide me with copies. He never did provide the same to me, although I have copies of the BP-8s and BP-9s, and extensive electronic messaging to staff documentation memorializing the same.

Following numerous electronic messages to staff regarding these issues, I finally received a response to one (1) of those three (3) BP-9s -- the least egregious of the three (3). The other two issues -- regarding the opening outside my presence of my properly identified **special mail** with the originals replaced with photocopies, and the ACLU Arizona mailing which was never **certified** nor received by ACLU Arizona -- were disregarded. I nevertheless filed three (3) timely BP-10s and BP-11s, and therefore exhausted the administrative remedy process.

Meanwhile, although I did not receive a timely receipt, extension notification, nor response from Regional on the June 13, 2022 issue via my September 7, 2022 appeal, and although Regional's December 27, 2022 dated response was not delivered to me until February 28, 2023, they had only until November 6, 2022 (to include time

Attachment 3-F

for extension). For those reasons, I appealed to Central on November 28, 2022. Central therefore had until January 26, 2023 (to include any extension), and never responded, thus, the issue was exhausted. Once Regional's late response was received, I filed another appeal to Central regarding the response:

> "You are requesting administrative relief regarding the mail procedures at FCC Tucson and <u>the practice to photocopying incoming photographs received in your received correspondence. Specifically, you challenge the fact staff are photocopying the pictures in a manner which distorts the image and reduces the size so that multiple photographs are contained on one page.</u>"

(Emphasis added).

I did not, in this filing, nor any other, ever complain about the photocopying of photographs/pictures.[5]

In my appeal to Central Office, I made clear in my February 28, 2023 BP-11, that Regional clearly erred, and that my appeal nevertheless survives. Clearly, the administrative remedy system is broken.

Even though Central technically had until April 28, 2023 (to include any extension), I had already exhausted the process per 28 C.F.R. § 542.18, and have all the documentation to prove the same. I cannot risk losing another day to safely communicate with my attorney through the mail, thus this filing.

<u>CLAIMS FOR RELIEF</u>

CLAIM 1: The Defendants' reading, photocopying, and maintaining the originals of Plaintiff's "special mail" violates the First Amendment.

The Defendant's intentional reading, photocopying, and maintaining the originals of Plaintiff's "special mail" has had and continues to have a chilling effect on Plaintiff's written communications with attorneys, including his court-appointed counsel, interfering with freedom of speech and ability to seek redress of grievances.

---

[5] According to my unit team, the response which should have been pasted into the response to my BP-10, does not "show up" in my file. Upon my own independent inquiry I have learned that the same day, December 27, 2022, Regional issued a duplicative response to inmate Vanaman (Admin. Remedy Number: 1129098-R1). It would appear that when preparing to copy and paste the now Regional-lost response to my BP-10, the preparer only included my Admin. Remedy Number to Vanaman's issue.

Attachment 3-G

The Defendants, including USP Tucson mailroom staff, have acted intentionally and pursuant to a larger pattern and practice when reading, photocopying, and maintaining the originals, of Plaintiff's special mail.

CLAIM 2: Defendants' reading, photocopying, and maintaining the originals of Plaintiff's "special mail" without warrant of probable cause, violates the Fourth Amendment to the US Constitution.

Plaintiff has a reasonable and objective expectation of privacy in the content of his properly identified special mail provided by 28 C.F.R. §§ 540.2 and 540.18-19.

Defendants have violated this privacy right by reading, photocopying, and maintaining the originals of Plaintiff's properly labeled and addressed special mail.

In reading, photocopying, and maintaining the originals of Plaintiff's properly labeled special mail, Defendants acted without judicial warrant based on probable cause, constituting an unlawful search and seizure.

CLAIM 3: In reading, photocopying, and maintaining the originals of Plaintiff's incoming special mail, Defendants acted arbitrarily and capriciously and contrary to law, to wit, 28 C.F.R. § 540.18-19, which prohibits the reading and/or photocopying of special mail.

CLAIM 4: The Defendants' opening outside his presence, reading, and photocopying of Plaintiff's "special mail" violates the First Amendment.

The Defendants' intentional opening outside his presence, and reading, and photocopying, of Plaintiff's "special mail" has had and continues to have a chilling effect on Plaintiff's written communications with attorneys, including his court-appointed counsel, interfering with freedom of speech and ability to seek redress of grievances.

The Defendants, including USP Tucson mailroom staff, have acted intentionally and pursuant to a larger pattern and practice when opening outside his presence, and reading, and photocopying, Plaintiff's special mail.

CLAIM 5: Defendants' opening of Plaintiff's "special mail" outside of his presence, and reading and photocopying of his special mail without warrant of probable cause, violates the Fourth Amendment to the US Constitution.

Attachment 3-H

Plaintiff has a reasonable and objective expectation of privacy in the content of his properly identified special mail provided by 28 C.F.R. §§ 540.2 and 540.18-19.

Defendants have violated this privacy right by opening outside his presence, and reading and photocopying, Plaintiff's properly labeled and addressed special mail.

In opening outside of his presence, and reading and photocopying, Plaintiff's properly labeled incoming special mail, Defendants acted without judicial warrant based on probable cause, constituting an unlawful search and seizure.

CLAIM 6: In opening outside of his presence, and reading and photocopying, Plaintiff's incoming special mail, Defendants acted arbitrarily and capriciously and contrary to law, to wit, 28 C.F.R. § 540.18-19, which prohibits the reading and/or photocopying of special mail, and requires that such incoming mail be opened only in the presence of the inmate.

## RELIEF REQUESTED

Wherefore, Plaintiff requests the Court grant the following relief:

A. Issue a declatory judgment:

1) that the actions of Defendant's in reading, photocopying, and maintaining the originals of Plaintiff's properly labeled "special mail," impermissibly interferes with Plaintiff's freedom of speech and ability to seek redress of grievances, in violation of the First Amendment to the US Constitution;

2) that the actions of Defendants in reading, photocopying, and maintaining the originals of Plaintiff's properly labeled "special mail," without judicial warrant based on probable cause, violates Plaintiff's rights to privacy and to be free from unreasonable search and seizure under the Fourth Amendment to the US Constitution;

3) that the BOP's sustaining and approving the reading, photocopying, and maintaining the originals of Plaintiff's properly labeled "special mail," is arbitrary, capricious and an abuse of discretion, and contrary to law (see 28 C.F.R. Sections 540.18-19; 5 U.S.C. § 706);

4) that the actions of Defendant's in opening outside of his presence, and reading and photocopying, of Plaintiff's properly labeled "special mail," impermissibly interferes with Plaintiff's freedom of speech and ability to seek

14

redress of grievances, in violation of the First Amendment to the US Constitution;

5) that the actions of Defendants in opening outside of his presence, and reading and photocopying, of Plaintiff's properly labeled "special mail," without judicial warrant based on probable cause, violates Plaintiff's rights to privacy and to be free from unreasonable search and seizure under the Fourth Amendment to the US Constitution; and

6) that the BOP's sustaining and approving the opening outside of his presence, and reading and photocopying, of Plaintiff's properly labeled "special mail," is arbitrary, capricious and an abuse of discretion, and contrary to law (see 28 C.F.R. § 540.18-19; 5 U.S.C. § 706);

B. Issue a preliminary and permanent injunction enjoining the BOP, and its agents and officers, from reading, photocopying, and maintaining the originals of Plaintiff's properly labeled "special mail" without judicial warrant premised on probable cause;

C. Issue a preliminary and permanent injunction enjoining the BOP, and its agents and officers, from opening outside his presence, reading or photocopying Plaintiff's properly labeled "special mail" without judicial warrant premised on probable cause;

D. Issue an order directing Defendants to file with the Court under seal, with a copy provided to Plaintiff, a report identifying each instance that the BOP or its agents or officers opened outside Plaintiff's presence; and/or read and/or photocopied Plaintiff's properly labeled "special mail," and further identifying all persons whom and agencies to which information pertaining to the content of such mail was or may have been disclosed, and further identifying all persons and agencies with electronic access to the modem connected to the photocopier(s) used to photocopy Plaintiff's properly labeled "special mail";

E. Award Plaintiff all costs associated with this action; and

F. Award such other and further relief as it may appear that Plaintiff is entitled.